IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. _____

CASEY MCCOY,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA;

    Defendant.

**COMPLAINT**

Plaintiff, Casey McCoy, by and through counsel, states as her Complaint the following:

## **INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*

2. This is an action for payment of short-term disability ("STD") benefits, long-term disability ("LTD") benefits, Life Insurance Premium Waiver benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Casey McCoy ("Plaintiff" or "Ms. McCoy"), is a resident of Sumter, South Carolina.

4. Upon information and belief, Defendant Unum Life Insurance Company of America (hereinafter "Unum"), is a foreign insurance company selling policies, insuring persons and conducting other business throughout the United States including, *inter alia*, substantial activity in Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

6. Plaintiff is entitled to bring this action as a Participant within the meaning of ERISA, 29 U.S.C. §1002(7).

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## MS. MCCOY'S DISABILTY CLAIMS

8. At all times relevant to this action, Ms. McCoy was employed by the law firm of Shapiro and Ingle, LLC, working in Charlotte, North Carolina.

9. Based on her employment, at all times relevant to this action Ms. McCoy was insured under a Unum group policy or policies providing: STD insurance benefits (the "STD Policy"); LTD insurance benefits (the "LTD Policy"); and, life insurance coverage (the Life Insurance Policy), collectively, the "Policies".

10. Unum is the insurance company that both administers and insures all of the benefits owed to Plaintiff under the Policies.

11. Unum is solely responsible for making all benefit determinations and for paying and providing all benefits under the Policies from Unum's own funds.

12. At all times relevant to this action, Ms. McCoy has suffered from disabling medical conditions that cause her debilitating symptoms that include without limitation, chronic pain in her neck, arms and hands, which markedly limit her activities and preclude her from working at any occupation or dependably engaging in activity at any exertional level.

13. Ms. McCoy timely applied for benefits under the Policies from Unum.

14. Upon information and belief, after an elimination period of fourteen (14) days, the STD Policy provides that Unum will pay a weekly disability benefit for a maximum period of (11) weeks.

15. Upon information and belief, after an elimination period of the later of when STD benefits end or ninety (90) days, LTD Policy provides that Unum will

pay a monthly disability benefit, through normal Social Security Normal Retirement Age.

16. Unum stated that Ms. McCoy's elimination period for her LTD claim was from March 13, 2018 to June, 10, 2018.

17. The maximum duration for Ms. McCoy to receive LTD benefits extends through at least November 2052.

18. Upon information and belief, after an elimination period, the Life Insurance Policy provides continued life insurance coverage without payment of premiums while a claimant is disabled.

19. By letter dated September 27, 2018, Unum denied Ms. McCoy's STD benefits.

20. By letter dated October 25, 2019, Unum denied Ms. McCoy's LTD benefits.

21. By letter dated October 29, 2019, in reliance on its LTD denial, Unum denied Ms. McCoy's Life Insurance Premium Waiver benefits.

22. Ms. McCoy timely appealed Unum's decisions to deny her benefits.

23. Ms. McCoy submitted to Unum voluminous evidence documenting her disability and her inability to perform her own occupation or any occupation, including without limitation: medical records documenting medical conditions and impairments; statements from her treating physicians supporting her disability; and, sworn affidavit of Ms. McCoy about her disability and limitations.

24. Ms. McCoy provided credible evidence of her disability to Unum such that the only reasonable conclusion from all of the evidence is that she is disabled and that she is entitled to benefits under the Policies.

25. By letter dated October 3, 2019, Unum issued its appeal decision denying Ms. McCoy's STD benefits.

26. By letter dated August 9, 2021, Unum issued its appeal decision denying Ms. McCoy's LTD benefits and Life Insurance Premium Waiver.

## **UNUM'S UNREASONABLE BENEFIT DETERMINATIONS**

27. At all times relevant to this action, Ms. McCoy has been disabled under the Policies and entitled to benefits as specified in the Policies.

28. Unum's adverse decisions to deny Ms. McCoy's benefits are grossly wrong, without basis and contrary to the evidence before it.

29. Unum's adverse decisions are unreasonable, are not based on substantial evidence, are not the result of a deliberate, principled reasoning process, and constitute erroneous determinations.

30. Unum did not maintain reasonable claim procedures or provide a full and fair review of Ms. McCoy's claims as required by ERISA.

31. Instead, Unum acted only in its own pecuniary interest and violated the Policies and ERISA through its unreasonable conduct described herein.

32. Unum's unreasonable conduct includes, but is not limited to the following acts:

a. designing the entire claim review process for the claims for the biased purpose of obtaining documentation to support a claim denial rather than adjudicating claims as a fiduciary;

b. conducting a review of Ms. McCoy's claims in a manner calculated to reach the desired result of denying benefits;

c. consulting biased medical personnel whom Defendant suspected or knew would render opinions favorable to Defendant;

d. ignoring competent evidence of Ms. McCoy's disability and without any credible contrary evidence;

e. failing to evaluate or adequately evaluate Ms. McCoy's medical conditions;

f. failing properly to consider and credit the records and medical opinions of Ms. McCoy's treating physicians without any credible contrary evidence or medical examination of Ms. McCoy;

g. imposing requirements to receive benefits that are not required by the Policies; and,

h. ignoring Unum's own internal medical literature, reference materials and claim procedures about evaluating Ms. McCoy's medical conditions.

33. Unum had an inherent and substantial conflict of interest in administering Ms. McCoy's claims, by virtue of the fact that Unum is both the

insurer of the Policies and payor of benefits, as well as the decision maker on whether benefits should be paid.

34. Accordingly, Unum has a pecuniary interest in denying claims under the Policies.

35. Unum's pecuniary interest in denying claims under the Policies extends to Ms. McCoy's claims.

36. The Plan Administrator has not issued a valid plan document granting Unum discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

37. Any purported discretionary clause is void by law including without limitation, Illinois law cited in the Policies.

38. The Court should review Unum's adverse decisions on Plaintiff's claims under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

39. In the alternative, Unum's adverse decision on Plaintiff's claims constitutes an abuse of discretion.

## **CLAIM FOR RELIEF**

40. Plaintiff incorporates by reference Paragraphs 1 through 39 above as if fully set forth below.

41. As more fully described above, Ms. McCoy exhausted all claim review procedures and administrative remedies to the extent required.

42. As more fully described above, the conduct of Unum and its denial and refusal to pay and provide Ms. McCoy's benefits constitute a breach of its obligations under the Policies and ERISA.

43. Ms. McCoy brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce her rights under the Policies and ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.

2. The Court may take and review the records and claim file(s) and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Ms. McCoy is entitled to STD benefits for the maximum period;

4. Ms. McCoy has been entitled to LTD benefits since the end of the applicable elimination period and continuing through the present and beyond;

5. Ms. McCoy is entitled to ongoing life insurance coverage with waiver of premium;

6. Unum's denial decisions shall be reversed and Defendant shall provide all STD, LTD, Life Insurance Premium Waiver benefits and any other benefits due to Plaintiff;

7. Plaintiff shall receive any further relief to which she is entitled to under the Policies, ERISA and otherwise;

8. Defendant shall pay to Plaintiff such prejudgment interest as allowed by law;

9. Defendant shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

10. Defendant shall pay attorney's fees for Plaintiff's counsel; and,

11. Plaintiff shall receive such further relief against Defendant as the Court deems lawful, just and proper.

Respectfully submitted, this 8th day of September, 2021.

/s/Charles McB. Sasser
By: Charles McB. Sasser
State Bar No.: 10027
The Sasser Law Firm, P.A.
Attorneys for the Plaintiff
1011 East Morehead Street
Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704) 342-0798
msasser@sasserlawoffice.com